VINTON (UNITED STATES v.).  See Case No. 16,624.

VIOLA, The (BARTLETTE v.).  See Case No. 1,083.

VIOLET (SMALLWOOD v.).  See Case No. 12,962.

## Case No. 16,952.

### VIOLETT v. PATTON.

[See Case No. 10,839.]

## Case No. 16,953.

### VIOLETT v. STETTINIUS.

[5 Cranch, C. C. 559.] [1]

Circuit Court, District of Columbia.  March Term, 1839.

CARRIERS OF GOODS—FREIGHT—LIABILITY OF CONSIGNEE.

If the consignee of property sent by a common carrier, demands and receives it before it reaches its ultimate destination, he is liable for the full freight.

Replevin, for ninety kegs of butter. The case agreed was in substance this. On the 27th of December, 1837, one Saughenbaugh, at Pittsburgh, in Pennsylvania, received from the plaintiff's agent, ninety kegs of butter, weighing 5,738 pounds gross, which he promised in writing to deliver in good order in Georgetown, D. C., to E. Lyons, or order, within sixteen days, he paying to Saughenbaugh $1.75 per 100 pounds carriage, for the same. The plaintiff's said agent at Pittsburgh gave the following writing to Saughenbaugh: "Mr. Saughenbaugh will deliver ninety kegs of butter, weighing 5,-738 pounds, unto E. Lyons, of Georgetown, D. C., for which you will receive $1.75 per 100 pounds carriage. William B. English. Pittsburgh, December 26th, 1837." Saughenbaugh transported the butter to Baltimore, by wagon, and there, on the 11th of January, 1838, turned it over to the Baltimore and Ohio Railroad Company, to be transported the remaining distance to Georgetown, receiving at the same time from the company's agent $94.94, as the pro ratâ freight, allowing $5.47 for freight by the railroad cars to Washington, and drayage thence to Georgetown, and assigned to the company his claim and lien for freight. On the 12th of January, 1838, the butter was transported to Washington, and there remained in the store-houses of the company, in the charge of the defendant, the company's agent, through inadvertence or some misunderstanding, until the 22d of January, 1838, when the plaintiff [Robert G. Violett] claimed and offered to receive it there. The defendant [Samuel Stettinius] offered to deliver it there, or at Georgetown, on receiving the full stipulated freight, amounting to $100.41, but the plaintiff refused to pay any thing, and replevied the butter on the 22d of January, 1838. There had been no decline in the price of butter in Washington, or George-

town, between the 11th and 22d of January, but there had been a decline of a few cents in Alexandria, where the plaintiff resided. If, on this statement, the plaintiff should be entitled to recover, judgment was to be entered for the costs. If the defendant should be entitled to recover the freight, or any part thereof, judgment was to be entered accordingly for the defendant.

R. S. Coxe, for plaintiff, contended that no freight was earned, as the goods were not carried to their place of destination; and that Saughenbaugh could not transfer his lien to the railroad company; and that the company could not recover freight, because they had delayed the butter, so that the sixteen days were passed. He cited Jeremy, Carr. 63, 83, 84; Story, Bailm. 320, 328, 359; 3 Kent, Comm. 209; Sheels v. Davies, 4 Camp. 119.

C. Cox, contra. The carrier had a lien for his freight. The railroad company were his agents, and he did not lose his lien by the transfer of the goods to his own agent. The plaintiff has his remedy against Saughenbaugh for damages by the delay, if he has suffered any. Jeremy, Carr. 17, 161; Boone v. Eyre, 1 H. Bl. 273, in note a; Sheels v. Davies, 4 Camp. 119; Pow. Cont. 267. The plaintiff demanded the butter at Washington, and offered to receive it there.

CRANCH, Chief Judge. I am of opinion that as the plaintiff claimed and offered to receive the butter in Washington, on the 22d of January, 1838, the defendant was entitled either to the whole freight, or freight pro rata. I think the whole, because he offered to deliver the butter either in Georgetown or Washington, at the option of the plaintiff, if he would pay the freight; but he refused to pay any freight at all. The delay was a proper subject of a claim for damages by the plaintiff against Saughenbaugh. The plaintiff might have refused to receive the butter. He might have abandoned it, and brought his action against Saughenbaugh; but having claimed it, and offered to receive it at Washington, he cannot lawfully resist the claim for freight.

THRUSTON, Circuit Judge, concurred.

Verdict for the defendant for the freight.

## Case No. 16,954.

### VIOLETTE v. BALL.

[2 Cranch, C. C. 102.] [1]

Circuit Court, District of Columbia.  June Term, 1814.

SLAVERY—RIGHT TO FREEDOM.

A slave does not acquire a right to freedom by being sent from Washington to Virginia for sale, and, not being sold, brought back after eight or nine months' absence.

Petition for freedom [by the negro Violette against Henry W. Ball].

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. William Cranch, Chief Judge.]